IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ALAN A. COLLINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 15-cv-03294 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Alan A. Collins' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). Because Petitioner is not entitled to relief, the motion is DENIED.

### I. BACKGROUND

On May 8, 2014, Petitioner was charged with unlawfully possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). United States v. Collins, Case No. 14-30016 (hereinafter, Crim.), Indictment (d/e 1). On August 6, 2014, Petitioner, accompanied by

his attorney, appeared before the Court and pleaded guilty to the charged offense. Crim., August 6, 2014, minute entry.

At Petitioner's change of plea hearing, the Court asked the Government what its evidence would be if Petitioner elected to go to trial. Crim., Transcript (d/e 26), at 24-25. In response, the Government indicated that Petitioner had thrown a handgun out of the window of a car in which he was a passenger. Id. at 25. The Government also indicated that law enforcement officers recovered the firearm, which was examined for fingerprints and DNA by the Illinois State Police crime laboratory. Id. at 25-27. Further, the Government stated that a mixture of DNA profiles from at least four people was identified from the handgun, that no positive association was made between the DNA profile mixture and Petitioner's DNA, and that a latent palmprint found on the handgun was identified as matching Petitioner's palmprint. Id. at 27. After hearing the Government's summary, Petitioner agreed with the summary, admitted that he had committed the actions alleged of him by the Government, and pleaded guilty. Id. at 27-28, 30.

On November 10, 2014, Petitioner appeared before the Court for sentencing. Crim., November 10, 2014, minute entry. The

Court sentenced Petitioner to 64 months' imprisonment, to run consecutively to a term of 24 months' imprisonment imposed by the Court in another case. Crim., Judgment (d/e 20), at 2. Petitioner did not appeal his conviction or sentence.

On September 28, 2015, Petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See d/e 1. Although Plaintiff's motion does not specify the basis on which he is seeking habeas relief, the motion is accompanied by Petitioner's affidavit. In the affidavit, Petitioner states that on or about July 23, 2015, he received several reports prepared by the Illinois State Police Division of Forensic Services, reports that Petitioner had never before received or reviewed. Collins Aff. (d/e 1-2), ¶¶ 1, 3. Petitioner also states that his attorney never discussed these reports, or the findings contained therein, with him. Id. ¶ 4.

Petitioner also filed a memorandum in support of his § 2255 motion. See d/e 2. Attached to the memorandum are two laboratory reports from the Illinois State Police Division of Forensic Services. Memorandum (d/e 2), at Ex. B. The first report, dated January 1, 2014, and prepared by Tracy Moore, a forensic scientist

with the Illinois State Police Division of Forensic Services, stated that an examination of the handgun from Petitioner's criminal case had revealed a "latent print suitable for comparison." Id. The report also noted that a comparison of the latent print to the fingerprint card marked with Petitioner's name "did not reveal an identification." Id. However, the report stated that Petitioner's palmprints were needed for a conclusive comparison. Id.

The second report, dated January 27, 2014, and prepared by Amanda Humke, another forensic scientist with the Illinois State Police Division of Forensic Services, stated that DNA obtained from a swabbing of the handgun had been amplified and profiled. Id. The report also stated that a mixture of human DNA profiles identified in the swab "was interpreted as a mixture of at least four people" that could be used "for exclusionary purposes only." Id. The report noted that any positive association between the mixed DNA profile and "any standards submitted on this case" could not be made. Id.

In his memorandum, Petitioner claims that his attorney's failure to provide the aforementioned reports to Petitioner or discuss the reports with Petitioner amounted to ineffective

Page **4** of **12**

assistance of counsel. Memorandum (d/e 2), at 5-6. Petitioner claims that he would have gone to trial instead of pleading guilty had his attorney informed him of the reports and explained the findings made in the reports to him. Id. at 5.

The Government filed an Answer to Petitioner's § 2255 motion, contending that Petitioner has failed to establish that he would have gone to trial instead of pleading guilty had defense counsel informed Petitioner of the two reports attached to Petitioner's memorandum and explained those reports to Petitioner. Answer (d/e 5), at 6. The Government attached to its Answer a report from the Illinois State Police Division of Forensic Services, dated March 12, 2014, and prepared by Tracy Moore, the forensic scientist who prepared the January 1, 2014, report on which Petitioner relies in his § 2255 motion. See id. at Exs. 2-3. The March 12, 2014, report stated that a comparison of the latent print referenced in the January 1, 2014, report and the palmprint card marked with Petitioner's name had produced a match. See id.

The Government also relies on statements made at Petitioner's change of plea hearing to argue that that Petitioner would not have gone to trial based on the information contained in the two January

2014 reports from the Illinois State Police Division of Forensic Services. Specifically, Petitioner was informed at his change of plea hearing that a latent palmprint found on the handgun was identified as matching Petitioner's palmprint and agreed with the Government's summary of this evidence. See id. at 9. In addition, Petitioner was informed that no positive association was made between the mixed DNA profile obtained from the handgun and Petitioner's DNA and agreed with the Government's summary of this evidence. Id. at 11.

## II. ANALYSIS

A prisoner claiming that his sentence violates the Constitution may move for the Court "to vacate, set aside, or correct [his] sentence." 28 U.S.C. § 2255(a). A section 2255 motion is timely if it is filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). The judgment in Petitioner's criminal case was entered on November 20, 2014. See Crim., Judgment. Petitioner filed his § 2255 motion on September

28, 2015.[1]  Therefore, Petitioner's motion is timely under § 2255(f)(1).

Having established that Petitioner's § 2255 motion is timely, the Court now turns to the merits of Petitioner's claim of ineffective assistance of counsel.[2]  To establish ineffective assistance of counsel, a defendant must show that "his counsel's performance fell below an 'objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Weaver v. Nicholson, 892 F.3d 878, 884 (7th Cir. 2018) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)).  "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."  Hicks v. United States, 886 F.3d 648, 650 (7th Cir. 2018) (quoting Strickland, 466 U.S. at 697).

---

[1] Although Petitioner's § 2255 motion was not received by the Clerk until October 15, 2015, Petitioner indicates that the motion was mailed on September 28, 2015.  See Motion, at 11.  The Houston mailbox rule applies to Petitioner's motion.  See Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999).  Therefore, the motion is deemed as having been filed on September 28, 2015.

[2] The Court finds that an evidentiary hearing is not necessary, as the parties' filings conclusively show that Petitioner is not entitled to relief.  See 28 U.S.C. § 2255(b); Martin v. United States, 789 F.3d 703, 706 (7th Cir. 2015).

To meet the second prong of the Strickland test in the context of a guilty plea, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Brock-Miller v. United States, 887 F.3d 298, 311 (7th Cir. 2018) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Hicks, 886 F.3d at 650 (7th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A district court "should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). A district court "should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id.

Even assuming that Petitioner's attorney did not discuss the two January 2014 reports from the Illinois State Police Division of Forensic Services with Petitioner, Petitioner has still failed to show a reasonable probability that he would have proceeded to trial instead of pleading guilty. At Petitioner's change of plea hearing, the Government informed Petitioner that a mixture of DNA from at least

four people was identified after the handgun Petitioner possessed was examined. Transcript, at 27. The Government also noted that no positive association had been made between this DNA mixture and Petitioner's DNA. Id.

After these disclosures, Petitioner, rather than ask to speak privately with his attorney, make a statement on the record expressing surprise at the information, or demand a trial, agreed with the Government's summary of what he had done and pleaded guilty to the offense charged in the Indictment. Id. at 27, 30. Under these facts, Petitioner's claim that he would not have pleaded guilty had the January 2014 report on the DNA evidence collected from the handgun been explained to him by his attorney is insufficient to satisfy the second prong of the Strickland test. Petitioner knew there had been no match between the DNA profile obtained from the handgun and his DNA, but he chose to plead guilty anyway.

The Court reaches the same conclusion with respect to the January 2014 report regarding the latent print found on the handgun. This report stated that the print could not be matched to Petitioner's fingerprints and that Petitioner's palmprints were

needed for a conclusive comparison. Answer, at Ex. 2. Although the information contained in this report was not summarized by the Government at Petitioner's change of plea hearing, the Government did state at the hearing that a latent palmprint found on the handgun was identified as matching Petitioner's palmprint. Transcript, at 27. Shortly after this information was conveyed to Petitioner, he pleaded guilty to the charged offense. Id. at 30.

Given these facts, to satisfy the second prong of the Strickland test with respect to the January 2014 report on the latent print, Petitioner must show a reasonable probability that he would have gone to trial instead of pleading guilty had he known that the latent print on the handgun did not match his fingerprints even though he knew that the latent print matched his palmprint. Petitioner does not meet this standard. The latent palmprint on the handgun was strong evidence that Petitioner had possessed the handgun. The strength of this evidence, which Petitioner knew about prior to pleading guilty, is in no way diminished merely because the print did not match Petitioner's fingerprints, especially given that the January 2014 report on the latent print noted that Petitioner's palmprints were needed for a conclusive comparison. Accordingly,

the Court does not find that Petitioner has met the second prong of the <u>Strickland</u> test with respect to the January 2014 report on the latent print obtained from the handgun.

Because I find that Petitioner has not shown that there is a reasonable probability that he would gone to trial instead of pleading guilty if his attorney had given and explained to him the two January 2014 reports from the Illinois State Police Division of Forensic Services, I need not determine whether Petitioner's attorney's actions or omissions failed to meet an objective standard of reasonableness.  See <u>Chichakly v. United States</u>, 926 F.2d 624, 630 (7th Cir. 1991) ("When we determine that the appellant has failed to demonstrate error on either prong of the <u>Strickland</u> test, we need not address the other.").  Petitioner did not receive ineffective assistance of counsel.  Therefore, Petitioner is not entitled to relief under 28 U.S.C. § 2255.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability.  See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues

a certificate of appealability).  A certificate of appealability may issue only if Petitioner made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Here, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the reasons stated, Petitioner Alan A. Collins' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED.  The Court declines to issue a certificate of appealability.  This case is CLOSED.

ENTER:  March 27, 2019

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
